UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CARLOS GARBER,                                           Docket No.: 15-cv-03631

           Plaintiff,

-against-                                                **VERIFIED COMPLAINT**

OLD VICTORIA HOUSE, LLC and
BLISS RESTAURANT BAR & CATERING INC.,

           Defendants.
------------------------------------------------------------------------X

      Plaintiff, by his attorneys, The Noll Law Firm, P.C., as and for a cause of action alleges upon information and belief as follows:

## JURISDICTION AND VENUE

    1.    Jurisdiction is predicated upon 28 U.S.C. §1332(a)(2), which requires a United States Court to have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between a citizen of different States.

    2.    Additionally, for purpose of the 28 U.S.C. §1332(a) and as defined in 28 U.S.C. §1332(c):

        a)    A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of-

            a)    Every State and foreign state of which the insured is a citizen;

            b)    Every State and foreign state by which the insurer has been incorporated; and

  c) The State or foreign state where the insurer has its principal place of business.

3. Furthermore, for the purpose of the 28 U.S.C. §1332(a), as defined in section 1603(a), a "foreign state," includes an agency or instrumentality of a foreign state as defined in subsection (b).

  b) An "agency or instrumentality of a foreign state" means any entity-

   1) Which is a separate legal person, corporate or otherwise and

   2) Which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

   3) Which is neither a citizen of a State of the United States as defined in section 1332 (c) and (e) of this title, nor created under the laws of any third country.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) based upon both the residence of the defendants which is the County of Suffolk County, State of New York.

## THE PARTIES

Upon information and belief:

5. At all times herein mentioned, plaintiff, CARLOS GARBER, was and still is a resident of the County of Burlington County, State of New Jersey.

6. At all times hereinafter mentioned, defendant, OLD VICTORIA HOUSE, LLC, was and is a domestic limited liability company with its principal place of business located in the County of Suffolk and State of New York.

7. At all times hereinafter mentioned, defendant, BLISS RESTAURANT BAR & CATERING INC., was and is a domestic business corporation with its principal place of business located in the County of Suffolk and State of New York.

## STATEMENT OF FACTS AND CAUSES OF ACTION

8. That at all times hereinafter mentioned, and on September 5, 2014, there existed a property located at 766 NY-25A, East Setauket, New York 11733 (hereinafter "PREMISES").

9. That at all times hereinafter mentioned, and on September 5, 2014, the defendant, OLD VICTORIA HOUSE, LLC, was the owner of the PREMISES.

10. That at all times hereinafter mentioned, and on September 5, 2014, the defendant, BLISS RESTAURANT BAR & CATERING INC., was a tenant of the PREMISES.

11. That at all times hereinafter mentioned, and on September 5, 2014, the defendant, OLD VICTORIA HOUSE, LLC, maintained the PREMISES.

12. That at all times hereinafter mentioned, and on September 5, 2014, the defendant, OLD VICTORIA HOUSE, LLC, controlled the PREMISES.

13. That at all times hereinafter mentioned, and on September 5, 2014, the defendant, OLD VICTORIA HOUSE, LLC, supervised the PREMISES.

14. That at all times hereinafter mentioned, and on September 5, 2014, the defendant, OLD VICTORIA HOUSE, LLC, operated a restaurant at the PREMISES.

15. That at all times hereinafter mentioned, and on September 5, 2014, the defendant, OLD VICTORIA HOUSE, LLC, managed the PREMISES.

16. That at all times hereinafter mentioned, and on September 5, 2014, the defendant, BLISS RESTAURANT BAR & CATERING INC., maintained the PREMISES.

17. That at all times hereinafter mentioned, and on September 5, 2014, the defendant, BLISS RESTAURANT BAR & CATERING INC., controlled the PREMISES.

18. That at all times hereinafter mentioned, and on September 5, 2014, the defendant, BLISS RESTAURANT BAR & CATERING INC., supervised the PREMISES.

19. That at all times hereinafter mentioned, and on September 5, 2014, the defendant, BLISS RESTAURANT BAR & CATERING INC., operated a restaurant at the PREMISES.

20. That at all times hereinafter mentioned, and on September 5, 2014, the defendant,

BLISS RESTAURANT BAR & CATERING INC., managed the PREMISES.

21. That at all times hereinafter mentioned, on and prior to September 5, 2014, there existed at the PREMISES a dangerous and defective condition on the floor of the premises.

22. That the defendants, OLD VICTORIA HOUSE, LLC and BLISS RESTAURANT BAR & CATERING INC., caused and created said dangerous and defective condition to the subject floor.

23. That at all times hereinafter mentioned, and on and before September 5, 2014, the defendants, OLD VICTORIA HOUSE, LLC and BLISS RESTAURANT BAR & CATERING INC., had notice of the dangerous and defective condition to the subject floor and failed to remedy same.

24. That at all times hereinafter mentioned, and on September 5, 2014, the defendants, OLD VICTORIA HOUSE, LLC and BLISS RESTAURANT BAR & CATERING INC., their agents, servants and/or employees had the duty to see that the PREMISES was kept reasonably safe and free of dangers and hazards to those pedestrians lawfully thereat.

25. That at all times hereinafter mentioned, and on September 5, 2014, the plaintiff, CARLOS GARBER, was lawfully and carefully walking in the PREMISES when he tripped over music speaker that was placed on the floor in the pathway leading out of the premises and sustained the injuries hereinafter set forth solely and wholly as a result of the negligence of the defendants, OLD VICTORIA HOUSE, LLC and BLISS RESTAURANT BAR & CATERING INC.

26. That the defendants, OLD VICTORIA HOUSE, LLC and BLISS RESTAURANT BAR & CATERING INC., their agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, maintenance, control, supervision, and management of the subject premises; in that they failed to provide the plaintiff, CARLOS GARBER, with a safe place to walk; in creating, allowing and permitting a hazardous condition; in failing to warn plaintiff and other pedestrians at said property of the dangerous and defective condition; and in otherwise being negligent, reckless and careless.

27. That the aforesaid accident and resulting injuries sustained by the plaintiff, CARLOS GARBER, were caused solely and wholly by reason of the negligence of the defendants, OLD VICTORIA HOUSE, LLC and BLISS RESTAURANT BAR & CATERING INC., their agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the plaintiff contributing thereto.

28. That by reason of the foregoing and the negligence of the defendants, OLD VICTORIA HOUSE, LLC and BLISS RESTAURANT BAR & CATERING INC., the plaintiff, CARLOS GARBER, sustained injuries that are permanent in nature and will be caused to suffer permanent pain and suffering and has incurred, and will incur in the future, expenses for medical and surgical care and attention.

29. That as a result of the defendants, OLD VICTORIA HOUSE, LLC and BLISS RESTAURANT BAR & CATERING INC.'S negligence as aforesaid, plaintiff, CARLOS GARBER, has been damaged in an amount in excess of the jurisdictional limits of all lower courts in an amount to be determined by the triers of fact.

**WHEREFORE**, plaintiff demands judgment against the defendants in an amount in excess of the jurisdictional limits of all lower courts to be determined by the triers of fact, together with the costs and disbursements of this action.

DATED: Syosset, New York
June 18, 2015

_____
Richard E. Noll, Esq.(RN 8768)
The Noll Law Firm, P.C.
Attorneys for Plaintiff
116 Jackson Avenue
Syosset, New York 11791
(516) 307-1199

TO:

    OLD VICTORIA HOUSE, LLC,
    750 Route 25A, Suite 3
    Setauket, New York 11733

    BLISS RESTAURANT BAR & CATERING INC.
    1 Brian Curt
    Middle Island, New York 11953

## CERTIFICATION

Richard E. Noll, affirms under penalty of perjury:

That affirmant is the attorney for the plaintiff in the action within; that affirmant has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes it to be true and the reason that this verification is not made by plaintiff and is made by affirmant is that plaintiff is/are not presently in the county where the attorneys for the plaintiff have their office.

Affirmant further says that the source of affirmant's information and the grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are from investigations made on behalf of said plaintiff.

DATED:   SYOSSET, NEW YORK
         June 22, 2015

_____
RICHARD E. NOLL (RN 8768)